UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IVORY A. CHOPIN, III                                      CIVIL ACTION

VERSUS                                                    NO. 15-1918

GREEN TREE SERVICING, LLC                                 SECTION "B"(3)

**ORDER**

Before the Court are Plaintiff's "Motion for Reconsideration" (Rec. Doc. 26), Defendant's "Motion for Reimbursement of Attorney's Fees and Costs pursuant to Local Rule 54.3" (Rec. Doc. 32), and Plaintiff's "Motion for Waiver of Costs" (Rec. Doc. 25). Defendant filed an opposition to Plaintiff's Motion for Reconsideration (Rec. Doc. 29), but no opposition memoranda were filed concerning the motions related to costs. For the reasons outlined below,

**IT IS ORDERED** that the Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Attorney's Fees is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Motion to Waive Costs is **DENIED** in part and deemed moot in part.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of Plaintiff's purchase of certain property in Waggaman, Louisiana. Rec. Doc. 1-2 at 11. To enable the purchase, Plaintiff, Ivory A. Chopin, III ("Plaintiff" or "Chopin"), executed a promissory note in the amount $86,800 in

1

favor of Sun Trust Mortgage, Inc. ("Sun Trust") as well as a mortgage granting Sun Trust a security interest in the property. Rec. Docs. 18-3, 18-4. Defendant, Green Tree Servicing, LLC ("Green Tree" or "Defendant") is the servicer for the note and mortgage. Rec. Doc. 1-2 at 11. Plaintiff, representing himself *pro se*, filed suit based primarily upon his alleged tender of $96,000 to pay off the note following foreclosure. *See* Rec. Doc. 1-2. Chopin points to an International Promissory Note ("IPN") as the source of payment, which purportedly obligates the United States to pay Chopin's debt out of an "IC3 INTERNATIONAL TRUST ACCOUNT" to which Chopin is allegedly the trustee. *See* Rec. Doc. 1-2 at 6. Defendant claims that the IPN submitted by Plaintiff is not valid legal tender, while Plaintiff maintains that it is legal tender recognized by acts of Congress. Rec. Docs. 18-1, 26.

On January 20, 2016, this Court granted Defendant's Motion for Summary Judgment as unopposed, dismissing all of Plaintiff's claims against Defendant. Rec. Doc. 22. In that Order, this Court provided Plaintiff thirty days within which to file a motion for reconsideration along with an opposition memorandum to the underlying Motion for Summary Judgment. The Order also stated that costs and attorney's fees associated with any motion for reconsideration may be assessed against the moving party, because such a motion would not have been necessary if the opposition memorandum had been timely.

2

**II. DISCUSSION**

a. **Motion for Reconsideration**

While Plaintiff's Motion includes an opposition to the original Motion for Summary Judgment as required, it does not provide any arguments specific to reconsideration. *See* Rec. Doc. 26. Rather, it simply references the reasons outlined in the opposition memorandum. Rec. Doc. 26.

"A motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order or proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). The determination of which rule applies turns on the timing of the motion. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b)." *In re FEMA*, 2011 WL 6130788 at * 3 (internal citations omitted).

Here, Plaintiff filed his Motion thirty days after the relevant order issued, meaning it falls under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides six potential

3

grounds for relief from a final judgment or an order, none of which Chopin specifically invokes. Instead, Chopin argues in his opposition that the following legal grounds justify reconsideration and reversal of the prior order: (1) that the International Promissory Note is valid legal tender; (2) that Defendant wrongfully foreclosed on his home; and (3) that Defendant committed mortgage fraud. Based on those arguments, the only relevant grounds under Rule 60 are Rule 60(b)(1) and Rule 60(b)(6). Rule 60(b)(6), the catch-all, provides a party reprieve for "any other reason that justifies relief." FED. R. CIV. P. 60(b).

However, Rule 60(b)(6) does not provide Chopin grounds for relief because 60(b)(6) motions "will be granted only if extraordinary circumstances are present." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). Plaintiff has not alleged any extraordinary circumstances. He has only asserted grounds for opposition that should have been raised within the original timeframe for opposing the Motion for Summary Judgment. Accordingly, Chopin's only chance for success is under 60(b)(1).

Rule 60(b)(1) permits courts to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Chopin makes no arguments that could conceivably fall under inadvertence, surprise, or excusable neglect, meaning his best argument is for mistake. The United States Court of Appeals for the Fifth Circuit

4

stated that Rule 60(b)(1)'s mistake provision "may be invoked for the correction of judicial error, but only to rectify an obvious error of law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Chopin seemingly alleges that this Court committed an obvious error of law by granting summary judgment.

Chopin's first argument is that the IPN "is a legal tender security instrument recognized as such by acts of Congress." Rec. Doc. 26-2 at 2. However, none of the cases, statutes, or other sources cited by Plaintiff support his argument. In fact, courts throughout the country have held that such documents are not legal tender, rejecting conspiracy theories that similarly argue IPNs and bills of exchange may discharge a mortgage or other debts. *See in re Walters*, No. 14-10119, 2015 WL 3935237, at *3 (S.D.N.Y June 25, 2015); *Hennis v. Trustmark Bank*, No. 10-20, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 858-60 (W.D. Va. 2007). Chopin has not demonstrated an obvious error of law with respect to the validity of the IPN.

Chopin further argues that summary judgment was inappropriate because Green Tree wrongly foreclosed on the mortgage as a result of an improper assignment of the mortgage. Rec. Doc. 26-2 at 3. Green Tree maintains that the doctrine of *res judicata* bars Chopin's wrongful foreclosure argument. Rec. Doc. 29 at 6. "Under res judicata, a final judgment on the merits of an action precludes

5

the parties or their privies from litigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). A "state court's order to issue a writ of seizure and sale becomes a final judgment for res judicata purposes," *Truong v. Bank of America, N.A.*, 717 F.3d 377, 380 n.1 (5th Cir. 2013), meaning a final judgment issued in this matter. *See* Rec. Doc. 18-8 at 7. As Chopin could have raised his wrongful foreclosure claim during that proceeding and did not, his claim is now barred by *res judicata*. Chopin has shown no error of law with respect to his wrongful foreclosure claim.

Finally, Plaintiff maintains that Defendant committed mortgage fraud in violation of La. Stat. Ann. § 14:71.3. Rec. Doc. 26-2 at 4. However, Plaintiff's petition makes no mention of any claims pursuant to § 17:71.3 and new claims are not properly raised in opposition to summary judgment. While courts typically give leave to amend in these situations, *see Stover v. Hattiesbrug Public Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008), doing so here would prove futile because the statute Plaintiff relies upon does not provide a civil right of action. *See* La. Stat. Ann. § 14:71.3. Accordingly, Plaintiff failed to demonstrate that this Court committed a mistake or obvious error of law in granting summary judgment. Therefore, the Motion for Reconsideration must be denied.

**b. Motion for Costs and Attorney's Fees**

Pursuant to this Court's Order, Defendant seeks attorney's fees in the amount of $3,500 for opposing the Motion for Reconsideration. However, neither Defendant's Motion nor its Bill of Costs provides any sort of justification for the amount of attorney's fees claimed here. Without an accounting of the hours expended or the hourly rate, this Court is unable to determine whether the amount of attorney's fees claimed is reasonable. Accordingly, the motion fails relative to the amount of attorney's fees. However, court costs, if any, may be assessed with the Clerk of Court.

**c. Motion to Waive Costs**

Plaintiff's Motion for Waiver of Costs urges this Court to waive the costs sought by Defendant in relation to the Motion for Reconsideration. However, Chopin provides no legal basis for his request and no supporting documentation. He only asks this Court to waive costs because of his status as a *pro se* litigant. Absent a financial affidavit, this Court sees no justification for waiving court costs reasonably assigned against a losing party. The attorney's fee issue was discussed in the previous section.

### III. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that the Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Costs and Attorney's Fees is **DENIED** relative to attorney's fees and **GRANTED** relative to court costs, if any, that may be assessed by the Clerk of Court.

**IT IS FURTHER ORDERED** that the Motion to Waive Costs is **DENIED** relative to court costs; it is moot relative to attorney's fees.

New Orleans, Louisiana, this 30th March, 2016.

_____
UNITED STATES DISTRICT JUDGE